## Tutt's Adm'r *v.* M'Leod and Wife.

Where an action of tort is founded on a contract, a variance in proof from the contract alleged, will be as fatal as in an action on the contract itself; for the tort founded on the contract can not be the same, unless the contract be the same.

Where two negroes were sold for a certain price, and warranted sound in the bill of sale, in an action on the warranty, for the unsoundness of one of the negroes, *Held*, that parol proof might be introduced to prove the value of the unsound negro, as agreed on by the parties.

ERROR to the circuit court of Claiborne county.

The action was *assumpsit* upon a warranty of the soundness of a negro woman Amy, sold by Tutt in his lifetime to the wife of M'Leod whilst a *feme sole*.

The defendant pleaded the general issue, and an affirmative plea, averring the soundness of the slave Amy, when sold, upon which plea the parties went to trial, and under the instructions of the court, a verdict was found for the plaintiffs, for 500 dollars.

The first question presented was, as to the admissibility of a bill of sale offered in evidence by plaintiffs, in support of their declaration. It is in the following words:

"Port Gibson, 9th of February, 1830. Received of Mariah W. Irwin, eight hundred and fifty dollars, in full payment for the following negroes, Amy and Burrell, both I warrant sound in body and mind, and slaves for life, and the title good against all claims whatsoever.                P. B. Tutt."

The declaration contained two counts, in each of which, it was alleged in substance, as the foundation of the action, " that the said Tutt, on the 9th of February, 1830, for the consideration of 860 dollars, bargained and sold to the said Mariah W. wife of M'Leod, whilst a *feme sole*, a certain negro woman slave, named Amy, and warranted her to be sound," &c., and concluded with averring her unsoundness in the usual form.

[Tutt's Adm'r *v.* M'Leod and Wife.]

Holt, for the plaintiff in error.

Under this declaration, the bill of sale offered and read to the jury, was clearly inadmissible. It proves a contract wholly *variant* from that declared on. It recites a sale of two negroes, with a warranty of their soundness, for the entire consideration of 850 dollars. The declaration sets forth a sale of one negro, for the consideration of 860 dollars, and a warranty of her soundness. It would be difficult to conceive of a more direct conflict between the *allegata* and *probata*, than is here presented.

The contract of sale must be stated accurately. In Symonds *v.* Carr, 1 Camp. 361, it was held, that if an agent sell to A, two horses belonging to B and C and warrant them, it must not be declared on as the sale of one horse only, the contract being entire. 2 Saunders on Pleading and Evidence, 913, tit. Warranty. The learned judge who tried this case, was unable to discover its analogy to the one decided by Lord Ellenborough in 1 Camp., it being a sale of negroes, and *that* a sale of horses.

The contract or promise declared on must be stated in its very terms, or according to its legal effect. 1 Chit. Plead. 303–4–5; 1 Saund. on Plead. and Ev. 117; 1 Term Rep. 240; Doug. 669.

The consideration may be stated in its very terms or according to its legal effect, and a variance will be fatal on the trial. 4 East, 464; 3 Term Rep. 67. Where the declaration stated the consideration to be the purchase of sheep for 54 pounds, 11 shillings, and 6 pence, and the price proved was 54 pounds, 12 shillings, and 6 pence, the plaintiff was nonsuited for the variance. Symmons *v.* Knox, 3 Term Rep. 67. So where the consideration stated was the forbearance of payment of 21 pounds, 16 shillings, and the sum proved was 21 pounds, 18 shillings, it was holden a fatal variance. Amfield *v.* Bate, 3 M. and S. 173; 1 Saund. on Plead. and Ev. 114.

In the case at bar, the consideration averred is 860 dollars; that offered to be proved, is 850 dollars.

It is not proposed to discuss the errors assigned in detail. An examination of the record, it is confidently believed, will show the exceptions to the action of the court below, to be well taken.

It was certainly error to allow parol evidence to be given of

·[Tutt's Adm'r *v.* M'Leod and Wife.]

what portion of the 850 dollars, recited in the ·bill' of sale`as the consideration for the purchase of Amy and Burrell, was agreed to be paid for Amy. The doubt arising upon the face of the instrument was obviously a patent not a latent ambiguity, and therefore, upon well settled principles, could not be explained by any thing *dehors* the instrument itself. In such cases, the contract as written must be its own expositor. The answer of the witness, however, was irrelevant for another reason. It established a consideration of 450 dollars, for Amy, instead of 860 dollars, as alleged in the declaration, and should for its variance from the *allegata* have been rejected.

The other errors assigned, require no comment; they will be fully exposed by reference to the record.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The action is for the recovery of damages for a false warranty in the sale of a negro woman. On the trial an objection was made to the introduction of the bill of sale because of a variance from the contract of sale described in the declaration. The declaration is, that Tutt, for the sum of 860 dollars, sold to the wife of the defendant in error, a negro woman named Amy, which he falsely and fraudulently warranted to be sound. The bill of sale showed a sale and warranty of two negroes, Amy and Burrell, for the sum of 850 dollars, and the question is, whether it was such a variance as should have excluded it from the jury?

The form of the action will not change the nature of the proof. This action was held by this court on a former occasion to be case, and the law is, that where an action of tort is founded on a contract, a variance from the contract alleged, will be as fatal as in an action on the contract itself, for the tort founded on the contract cannot be the same unless the contract be the same. 3 Starkie on Ev. 1547; 2 Saund. on Plead. and Ev. 913. The action was on the contract or bill of sale, for a breach of the warranty. It was the warranty which created the liability, and for the breach of which the action was brought. The rule of law, therefore, is applicable, and the court erred in permitting the bill of sale to be read as evidence in support of the allegation in the declaration.

A witness was called to prove the price of the unsound negro,

[Tutt's Adm'r *v.* M'Leod and Wife.]

as fixed by the parties at the time of sale, and this was objected to also on the ground that the contract was entire, and being in writing must explain itself. We have not been furnished with authority in support of this position, and we do not think it well taken. The evidence was not offered to vary the contract but merely to show the value of the unsound negro. It was competent for the plaintiff below to do so, to show the criterion of damages, and the value fixed by the parties was the fairest estimation that could be had.

Judgment reversed, cause remanded, and *venire de novo* awarded and leave to amend.